UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
SUNY VICTOR,                              :   CASE NO. 1:14-CV-2731
                                          :
         Plaintiff,                       :
                                          :
vs.                                       :   ORDER
                                          :   [Resolving Doc. Nos. 3, 14, 16, 17, 18.]
JUDGE EDWARD WADE, *et al.*,              :
         Defendants.                      :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The plaintiff Suny Victor has filed a fee-paid *pro se* complaint in this action against multiple defendants under 42 U.S.C. § 1983. Although the standard of review for *pro se* pleadings is liberal, it requires more than mere assertions of legal conclusions. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 20 08). Rather, in order to state a plausible claim, the complaint must contain allegations sufficient to give the defendants "fair notice" of what the plaintiff's claim are and the grounds on which they rest. *Id.* The plaintiff purports to allege her civil rights were violated in connection with a one-vehicle accident that occurred on January 11, 2014, for which the plaintiff was subsequently arrested, prosecuted, and convicted of OVI. *See State v. Victor*, 2014 TRC 00144 (Chardon Municipal Court). But the plaintiff's complaint as currently written is insufficient to give the defendants fair notice of what her civil rights claims against them are and the grounds on which they rest. Accordingly, in accordance

with *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983), the plaintiff is hereby given 30 days from the date of this order to file an amended complaint giving the defendants fair notice of the civil rights claims she purports to allege against the defendants and their basis. The defendants will have 30 days thereafter to respond to such an amended complaint, either through motion or answer. In light of this ruling, motions pertaining to whether the plaintiff's original complaint states a claim (Doc. Nos. 14, 16, 17, 18) are all denied at this time. They will be reinstated only if the plaintiff does not file an amended complaint as permitted in this order.

Further, the plaintiff's motion for preliminary injunctive relief (Doc. No. 3) is denied. The decision of whether to issue a preliminary injunction is within the sound discretion of the district court, and the court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). There is no basis for the Court to find irreparable injury here, as all of the events the plaintiff complains of already occurred and there is no basis to find she will suffer any future harm of any sort in the absence of an injunction. Accordingly, the plaintiff's request for a preliminary injunction is denied.

IT IS SO ORDERED.

Dated: January 20, 2015            *s/            James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE